# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATION, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-00298-LJO-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, AND REQUIRING PLAINTIFF TO PAY $350.00 FILING FEE WITHIN THIRTY DAYS OR THIS ACTION WILL BE DISMISSED<br><br>(Doc. 2) |

　　Plaintiff Lonnie Williams ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On February 23, 2007, plaintiff filed the complaint upon which this action proceeds and a motion seeking leave to proceed in forma pauperis.

　　28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." A review of the record of actions filed by plaintiff in the United States District Court for the Eastern District of California reveals that plaintiff filed three or more actions that were dismissed as frivolous, as malicious, or for failing to state a claim upon which relief may

1  be granted.[1]  Thus, plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in
2  forma pauperis unless plaintiff is, at the time the complaint is filed, under imminent danger of
3  serious physical injury.

4      The Court has reviewed plaintiff's complaint and finds that plaintiff has alleged no facts that
5  support a finding that he is pursuing claims in this action because he is, at this time, under imminent
6  danger of serious physical injury.  Plaintiff alleges that he is being poisoned, which without question
7  would satisfy the imminent danger requirement.  However, plaintiff is not pursuing claims against
8  those whom are allegedly poisoning him.  Rather, plaintiff is seeking to impose liability on the
9  Federal Bureau of Investigation, Senator Gloria Romero, Ombudsman Ken Hurdle, Sergeant R.
10 Silva, and Captain D. Zanchi for not responding to his letters and complaints.  Plaintiff is not under
11 imminent danger of serious physical injury from these defendants and his pursuit of claims against
12 them would not remedy any alleged threat stemming from poisoning.  The Court also notes that
13 plaintiff is seeking not relief aimed at ending the alleged threat against him but significant monetary
14 relief and to have the named defendants criminally charged

15     Notably, plaintiff already filed suit against those whom are allegedly poisoning him in case
16 number 1:06-cv-01408-AWI-SMS PC Williams v. California Dep't of Corr. & Rehab.  In addition
17 to his poisoning claim, plaintiff's complaint included claims which did not involve imminent threat
18 of serious physical injury. (06-1408, Doc. 1.)  Plaintiff was informed that he would not be permitted
19 to evade the mandate of 1915(g) by combining claims not involving an imminent threat of serious
20 physical injury with a claim involving an imminent threat of serious physical injury, and plaintiff was
21 given the option of either paying the $350.00 filing fee in full or filing an amended complaint setting
22 forth only his poisoning claim. (Id., Doc. 7.)  Considering plaintiff is claiming he is being poisoned,
23 the Court finds plaintiff's decision to voluntarily dismiss that action rather than amend his complaint
24 to proceed only on his poisoning claim to be puzzling at best. (Id., Doc. 8.)
25 ///

---

[1] Among the dismissals suffered by plaintiff that count as strikes under 1915(g) are Lonnie C. Williams v. J. R. Andrews, 1:01-cv-06222-REC-HGB PC (dismissed for failure to state a claim on 2/22/02); Lonnie C. Williams v. Correctional Lt. L. L. Wood, 1:01-cv-06151-REC-LJO PC (dismissed for failure to state a claim on 2/28/02); and Lonnie C. Williams v. A. Rendon 1:01-cv-05891-AWI-SMS PC (dismissed for failure to state a claim on 3/18/02).

1    For the reasons set forth herein, plaintiff may not proceed in forma pauperis in this action, and must submit the appropriate filing fee in order to proceed.

   Accordingly, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(g), plaintiff's motion for leave to proceed in forma pauperis is DENIED;
2. Plaintiff shall submit the $350.00 filing fee in full within **thirty (30) days**; and
3. If plaintiff fails to pay the $350.00 filing fee in full within **thirty (30) days**, this action will be dismissed, without prejudice.

IT IS SO ORDERED.

**Dated:    March 21, 2007**            /s/ Lawrence J. O'Neill
b9ed48                                  UNITED STATES DISTRICT JUDGE

3